ALFRED C. GOKEY et al., Plaintiffs, *v.* CLAUDE A. MOATE, Defendant.

Supreme Court, Special Term, Herkimer County, September 20, 1947.

*Fitzgerald & Fitzgerald* for defendant.

*Fred J. O'Donnell* for plaintiffs.

MALPASS, J.  This is a motion to change the place of trial of the above-entitled action from the county of Herkimer to the county of Broome.  The moving papers consist of affidavits made by the attorney for the defendant from which it appears that the defendant is a resident of Nineveh in Broome County and that the accident out of which the action arose occurred in the place of residence of the defendant.  The defendant claims that in addition to himself there are four necessary and material witnesses who are residents of the county of Broome and also a member of the New York State Police located at Greene, Chenango County, which adjoins Broome County.  The plaintiffs oppose the motion and object first to the jurisdiction of the

court upon the ground that the motion was brought on pursuant to an order to show cause granted by the County Judge of Oneida County and the plaintiffs contend that the Oneida County Judge had no power to sign such an order to show cause.

Rule 60 of the Rules of Civil Practice provides as follows: " Rule 60. *Time of notice of motion.* Unless otherwise. provided, notice of a motion in an action or proceeding must be served at least eight days before the time named for the hearing, except where attorneys for the several parties have their offices in the same city, or village, when notice of five days may be given. But, the present state of the action or proceeding and sufficient reason therefor being shown by affidavit, an order to show cause, to bring on a motion, may be granted by a court, or judge, returnable in a less time than hereinbefore named and directing when and how the same shall be served." This rule apparently has been derived from section 780 of the Code of Civil Procedure which in turn was derived from section 402 of the Code of Procedure. The attention of the Court has not been directed to any authorities on the subject. Section 402 of the Code of Procedure was as follows: " § 402. *When notice is necessary, it must be eight days before hearing.* When a notice of a motion is necessary, it must be served eight days before the time appointed for the hearing; but the court or judge may, by an order to show cause, prescribe a shorter time " and under this section it appears that county judges were authorized to issue show cause orders shortening the time required for the service of motions in the Supreme Court. (*Larkin* v. *Steele,* 25 Hun 254.)

Section 780 of the Code of Civil Procedure, which was derived from section 402 of the Code of Procedure, provided as follows: " § 780. *Notice of motion, to be eight days.* Where special provision is not otherwise made by law, or by the general rules of practice, if notice of a motion, or of any other proceeding in an action, before a court or a judge, is. necessary, it must, if personally served, be served at least eight days before the time appointed for the hearing; unless the court or a judge thereof, upon an affidavit showing grounds therefor, makes an order to show cause why the application should not be granted; and, in the order, directs that service thereof, less than eight days before it is returnable, be sufficient."

It is to be noticed that the language of the present rule 60 which provides that an " order to show cause, to bring on a motion, may be granted by a court, or judge, returnable in a less time than hereinbefore named * * *." This language

is more liberal than was contained in section 402 of the Code of Procedure and in my opinion, authorizes the County Judge of Oneida County to make the order granted by him in this action. Such an order could have been made by a justice of the Supreme Court in chambers and a county judge has authority under section 77 of the Civil Practice Act " to perform the duties of a justice of the supreme court at chambers or out of court."

The motion, therefore, is properly before this court.

On the merits of the motion it appears that all of the witnesses named by the plaintiffs as residents of either Oneida County or Herkimer County are persons, who are employed by the plaintiffs for the purpose of making repairs to the motor truck owned by the plaintiffs and which was damaged in the accident, or persons employed by the plaintiffs to clear up the wreckage and tow plaintiffs' truck to Herkimer following the accident while the persons named as necessary and material witnesses on behalf of the defendant are chiefly witnesses residing in the vicinity where the accident occurred and in some cases are eye-witnesses to the accident. It would seem proper to consider the convenience of these witnesses rather than the convenience of witnesses hired by or in the employ of the plaintiffs, most of whom were employed subsequent to the happening of the accident and whose testimony is confined to the question of damages rather than the manner in which the accident occurred.

The motion to change the place of trial to the county of Broome should be and is granted.